**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHANY MARIBY CHAVEZ-LICONA; SAILY MARIBY LOBO-CHAVEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-4056

Agency Nos.
A218-146-809
A218-146-810

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.***

Stephany Mariby Chavez-Licona and her daughter, Saily Mariby Lobo-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

Chavez, natives and citizens of Honduras (collectively, Chavez-Licona), petition for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Saily is a derivative applicant on Chavez-Licona's asylum application. We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.   To be eligible for asylum, Chavez-Licona has "the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "A well-founded fear of future persecution must be both 'subjectively genuine' and 'objectively reasonable.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)). To qualify for asylum, Chavez-Licona must also demonstrate that the persecution will be committed by the government or by forces that the government is unable or unwilling to control. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064

(9th Cir. 2020). To establish eligibility for withholding of removal, Chavez-Licona must establish "that it is more likely than not" that she will be persecuted if returned to Honduras "because of" her membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A).

In this case, we conclude that substantial evidence supports the denial of asylum and withholding of removal.

*First*, Chavez-Licona cannot raise her theory of past persecution for the first time on appeal. Chavez-Licona did not argue past persecution before the IJ, and Chavez-Licona's counsel instead confirmed to the IJ that she was not raising past persecution. Absent "egregious circumstances," a noncitizen in immigration proceedings is bound by the admissions of her counsel. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830–31 (9th Cir. 2011). Chavez-Licona has not properly asserted an ineffective assistance of counsel claim under the procedures outlined in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). We therefore conclude that the BIA did not err in declining to consider Chavez-Licona's claim of past persecution. Regardless, we would not conclude that the record compels a finding of past persecution.

*Second*, Chavez-Licona has not established an objectively reasonable fear of future persecution. *See Gu*, 454 F.3d at 1019. Chavez-Licona was not specifically

targeted or threatened by the Los Pelones gang in the past, and she was only tangentially connected to the threats made to her partner. Chavez-Licona's assertion of future harm is speculative.

For these reasons, substantial evidence supports the agency's denial of asylum. Chavez-Licona therefore cannot meet the higher showing required for withholding of removal. *See Sharma*, 9 F.4th at 1066.

2. Substantial evidence also supports the denial of CAT relief. "The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)); *see also* 8 C.F.R. § 1208.16(c)(2).

Chavez-Licona has not shown that the record compels the conclusion that she was entitled to CAT relief. *Andrade*, 94 F.4th at 914. Chavez-Licona did not experience past torture, and her claims of future harm are speculative. In addition, the agency did not err in finding that the Honduran government would not acquiesce to any future torture, as authorities did try to investigate the murder of her partner's cousin but were hindered by Chavez-Licona and her partner. The 2020 article submitted by Chavez-Licona similarly suggests that the police have the ability and willingness to arrest members of Los Pelones.

**PETITION DENIED.**